UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-190-TBR

DALE DOSSETT, ADMINISTRATOR OF
THE ESTATE OF LOVERTA DOSSETT,                              Plaintiff,

v.

WAL-MART STORES EAST, LIMITED PARTNERSHIP,                  Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Plaintiff Dale Dossett's Motion in Limine to Exclude Defendant's Expert Witness Rebecca A. Reier. (Docket No. 32.) Defendant Wal-Mart Stores East, Limited Partnership has responded, (Docket No. 33), and Plaintiff has replied, (Docket No. 34). Fully briefed, this matter is ripe for adjudication. For the reasons enumerated below, the Court will GRANT Plaintiff's Motion.

**BACKGROUND**

Dale Dossett, administrator of the Estate of Loverta Dossett, brings this lawsuit against Wal-Mart Stores East, Limited Partnership ("Wal-Mart") alleging a claim of negligence. The decedent Loverta Dossett went to the Wal-Mart on August 29, 2013. Plaintiff alleges that as the decedent was shopping, she stepped on a foreign substance, lost her footing, and fell to the floor. Plaintiff contends that the substance consisted of grapes that had fallen from the display table onto the floor. Plaintiff further contends that as a result of the decedent's fall, she incurred over $257,000 in medical expenses. The decedent was insured by Medicare and a Medicare supplement insurance policy.

Plaintiff alleges that Wal-Mart was careless and negligent in: its failure to exercise reasonable care to provide customers with a safe place to shop; its failure to discover the

1

substance and correct it; and its failure to warn customers of the dangerous foreign substance. Lastly, Plaintiff alleges that as a result, the decedent suffered serious injury and physical and mental pain.

## DISCUSSION

The parties' dispute concerns the opinion of Wal-Mart's expert Rebecca A. Reier. (*See* Docket Nos. 32; 33; 34.) In her expert report, Ms. Reier states that the actual invoice charges for the decedent's care were $264,272.82. She then concludes that "the Usual, Customary, and Reasonable value of [the actual invoice] charges is no less than $84,578.11 (Medicare allowances) and not greater than $110,365.71 (Average Collection ratios for the providers)." (Docket No. 33-2 at 2.) Ms. Reier goes on to say that in her opinion, the actual invoice charges of $264,272.82 "are not reasonable." (Docket No. 33-2 at 5.)  Essentially, Wal-Mart contends that the decedent's medical bills "do not reflect the 'reasonable' value of the services provided," (Docket No. 33 at 3), and therefore, the plaintiff's recovery should be limited to the amount actually paid to and accepted by the healthcare provider, (Docket No. 33 at 4). Wal-Mart seeks to introduce Ms. Reier's opinion to support its position that the Plaintiff's recovery should be limited.

Kentucky's collateral source rule "precludes courts from reducing a plaintiff's medical damages based on insurance payments made for her care, so long as the associated premiums were paid by the plaintiff herself or a third party other than the tortfeasor." *Fulcher v. United States*, No. 5:13-CV-00163-TBR, 2014 WL 7375557, at *4 (W.D. Ky. Dec. 29, 2014) (citing *O'Bryan v. Hedgespeth*, 892 S.W.2d 571, 576 (Ky. 1995)). The collateral source rule applies not only to private medical insurance but also to publically provided benefits such as Medicare. *Our Lady of Mercy Hosp. v. McIntosh*, 461 S.W.2d 377, 379 (Ky. 1970); *see also Baptist Healthcare*

2

*Sys., Inc. v. Miller*, 177 S.W.3d 676, 683 (Ky. 2005). In *Baptist Healthcare Systems, Inc. v. Miller*, the Kentucky Supreme Court stated that the collateral source rule "allows the plaintiff to (1) seek recovery for the reasonable value of medical services for an injury, and (2) seek recovery for the reasonable value of medical services without consideration of insurance payments made to the injured party." *Id.* at 682. Kentucky courts find that the collateral source rule serves the following policy concerns:

> First, the wrongdoer should not receive a benefit by being relieved of payment for damages because the injured party had the foresight to obtain insurance. Second, as between the injured party and the tortfeasor, any so-called windfall by allowing a double recovery should accrue to the less culpable injured party rather than relieving the tortfeasor of full responsibility for his wrongdoing. Third, unless the tortfeasor is required to pay the full extent of the damages caused, the deterrent purposes of tort liability will be undermined.

*Id.* at 683 (citing *Schwartz v. Hasty*, 175 S.W.3d 621, 626 (Ky. App. 2005)). Due to the aforementioned policy concerns, the Kentucky Supreme Court strongly supports the collateral source rule. The court concluded in *Miller* that "it is absurd to suggest that the tortfeasor should receive a benefit from a contractual arrangement between Medicare and the health care provider. Simply because Medicare contracted with [the plaintiff's] physician to provide care at a rate below usual fees does not relieve a tortfeasor from negligence or the duty to pay the reasonable value of [the plaintiff's] medical expenses." *Id.* at 683-84.

As this Court mentioned in its prior decision in *Fulcher v. United States*, it acknowledges the logic of Wal-Mart's argument: the complexities of modern medical billing often result in phantom charges—a fee for services has been issued, but no party actually incurs the obligation to pay it; instead, the provider writes off the difference between the billed amount and the negotiated rate, or classifies it as an adjustment. This mechanism may indeed cloud the analysis

3

of factfinders attempting to discern the actual reasonable value of medical services rendered. However, when faced with the often abstruse task of determining reasonable medical damages, the Commonwealth's highest court has expressed a distinct preference in favor of conscientious consumers by requiring tortfeasors to satisfy the full amount of their damages. *See Fulcher*, 2014 WL 7375557, at *5.

This Court will not depart from the principles articulated by the Kentucky Supreme Court in *Miller*. Consequently, the collateral source rule bars the opinion testimony of Wal-Mart's expert witness Rebecca A. Reier.

## CONCLUSION AND ORDER

For the reasons enumerated above, Plaintiff's Motion in Limine to Exclude Defendant's Expert Witness Rebecca A. Reier is GRANTED. (Docket No. 32.)

cc: Counsel